IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-00340-RMR-TPO

CHET MICHAEL WILSON,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

FLEET FINANCIAL, INC. d/b/a ILENDING,

    Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on July 2, 2025, at 2:00 p.m. in Courtroom C-402 of the Byron G. Rogers United States Courthouse before Magistrate Judge Timothy P. O'Hara. Appearing for the parties were:

| Plaintiff: | Defendant: |
|---|---|
| **Anthony Paronich**<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(617) 485-0018 | **Douglas Vonderhaar**<br>Christopher Riedel<br>Baker & Hostetler LLP<br>200 Civic Center Drive, Suite 1200<br>Columbus, OH 43215<br>(614) 228-1541 |

Counsel for the Plaintiff appeared at the Scheduling Conference via video teleconference means. Counsel for the Defendant appeared at the Scheduling Conference telephonically.

## 2. STATEMENT OF JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law, 47 U.S.C. § 227.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff:

Plaintiff Chet Michael Wilson brings this action to enforce the consumer-privacy provisions of the TCPA alleging that the Defendant made pre-recorded telemarketing calls and that they did so and contacted individuals without their prior express written consent. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

### b. Defendant:

Defendant Fleet Financial d/b/a iLending ("iLending") denies that it made pre-recorded telemarketing calls in violation of the TCPA. iLending obtains consent from consumers that are seeking information regarding iLending's auto loan services. Specifically, iLending received a consent to call the phone number identified in Plaintiff's Complaint.

Defendant also asserts that Plaintiff lacks standing under Article III because he cannot prove an injury in fact.

Further, even if the person that provided the consent for Plaintiff's phone number was not Plaintiff, this "wrong name" consent fact pattern is insufficient to certify a class. And Plaintiff is not an adequate or typical class representative.

Finally, iLending believes that it will have specific defenses for each putative class member that will depend on individual business relationships and manner of consent obtained from each putative class member.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The Plaintiff has brought an action alleging violations of the TCPA.
2. Defendant is a limited liability company.
3. Defendant is a resident of this District.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff:**

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made to Plaintiff and Class members in violation of the TCPA. Plaintiff and the putative class were damaged because these calls caused them to have to take time from their day to attend to these unsolicited telemarketing texts and used minutes from their phone plans, among other things. Plaintiff seeks the maximum statutory damages under the TCPA for himself and the class.

Specifically, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call and text in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3). For all knowing and/or willful violations of the TCPA, Plaintiff and Class members are entitled to treble damages of up to $1,500 for each and every call, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff also seeks an injunction prohibiting further conduct in violation of 47 U.S.C. § 227. Plaintiff reserves the right to supplement or

amend these damage computations.

b. **Defendant:**

Defendant does not presently seek damages in this action.

But, even assuming that the alleged calls to Plaintiff were violations of the TCPA, Defendant estimates that Plaintiff's damages, if any, are limited to $3,500. This estimated damages calculation further assumes that Plaintiff is entitled to $500 per call for each of the seven pre-recorded voice messages directed to Plaintiff's alleged cellular telephone number. Defendant denies that any other damages are proper for Plaintiff or putative class members.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a. **Date of Rule 26(f) meeting**

April 21, 2025

b. **Names of each participant and party he/she represented.**

Anthony Paronich (Plaintiff)

Douglas Vonderhaar and Christopher Riedel (Defendant)

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

May 30, 2025

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Initial disclosures due May 30, 2025, to allow Defendant time to assess call data discovery issues.

e.  **Statement concerning any agreements to conduct informal discovery:**

None.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to accept service of discovery requests via e-mail. The parties also agree to share all responsive subpoena documents without a formal discovery request.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that there is likely a substantial amount of electronically stored information at issue.

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

Within a month of Plaintiff filing his complaint, Defendant sent Plaintiff settlement correspondence, offering a monetary amount in exchange for a full settlement and release and dismissal with prejudice. However, Plaintiff believes that some discovery is required to evaluate the likely outcome of the claim and explore the affirmative defenses

lodged in anticipation of a class wide mediation.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Court:** The number of depositions shall be limited to five (5) depositions per side, excluding depositions taken of parties and expert witnesses. Each side shall be permitted to serve a maximum of twenty-five (25) interrogatories, including discrete subparts.

b. **Limitations which any party proposes on the length of depositions.**

**Court:** The length of depositions shall be limited to a maximum of four (4) hours.

c. **Limitations which any party proposes on the number of requests for production. and/or requests for admission.**

The parties do not anticipate serving any more than twenty-five (25) requests for production and twenty-five (25) requests for admission.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

September 30, 2025.

e. **Other Planning or Discovery Orders.**

**Court:** Plaintiff's deadline to file his Motion for Class Certification is **January 23, 2026**. Defendant shall file any opposition to Plaintiff's Motion by **March 6, 2026**. Plaintiff shall file any Reply in Support of his Motion by **March 27, 2026**.

**Court:** (1) The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer about the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to O'Hara_Chambers@cod.uscourts.gov. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. (As permitted by D.C.COLO.MJ § VI, a motion may be filed without the prerequisite discovery conference for discovery that concerns a pro se incarcerated litigant or a third party.)

(2) The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally such as face-to-face, in a video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2); *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also is one that occurs in a reasonable timeframe before any relevant deadline.

(3) Should the Parties file a Motion for Protective Order, then they shall comply with Section V(5) the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ) and the model Joint Protective Order attached thereto as Appendix A.

**Court:** The Parties shall file a Motion for Protective Order by **July 15, 2025**.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings.**

July 18, 2025

b. **Discovery Cut-off.**

December 19, 2025

c. **Dispositive Motion Notice Deadline.**

No later than ten (10) days after the close of discovery (i.e., by December 29, 2025), a Party seeking to file a motion for summary judgment must email District Judge Rodriguez' Chambers, copying opposing counsel, to inform the Court of their intent to file such motion. *See* Section III.A of <u>District Judge Rodriguez' Standing Order Regarding Rule 56 Motions</u>.

d. **Expert Witness Disclosure.**

1. *The parties shall identify anticipated fields of expert testimony, if any.*

The Plaintiff anticipates using expert testimony to identify putative class members. The Defendant anticipates using expert testimony to rebut Plaintiff's experts.

2. *Limitations which the parties propose on the use or number of expert witnesses.*

None.

**The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** November 3, 2025.

**The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** December 3, 2025.

i. **Identification of Persons to Be Deposed:**

The parties expect that the following persons will need to be deposed. This list is not intended to be exhaustive or to limit the number or identity of necessary deponents.

- Chet Michael Wilson
- 30(b)(6) Witness of Defendant
- Any expert endorsed by either party.

## 10. DATES FOR FURTHER CONFERENCES

a. No status conference shall be scheduled at this time. If the Parties determine a status conference is necessary, counsel shall jointly email Magistrate Judge O'Hara's Chambers at O'Hara_Chambers@cod.uscourts.gov to obtain dates for a status conference.

b. **If no Party seeks to file a motion for summary judgment, Counsel shall jointly contact District Judge Rodriguez' Chambers no later than ten (10) days after the close of discovery (i.e.,** by December 29, 2025**) to obtain dates for trial and for a Trial Preparation Conference.** See Section I.A.1 of District Judge Rodriguez' Standing Order Regarding Trial and Pre-Trial Procedures. **If summary judgment motions are filed, the Parties shall jointly contact District Judge Rodriguez' Chambers no later than thirty (30) days after the Court has issued a ruling on any summary judgment motions to obtain a trial date and a date for a Trial Preparation Conference.** See Section I.A.2 of District Judge Rodriguez' Standing Order Regarding Trial and Pre-Trial Procedures.

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

b. **Anticipated length of trial and whether trial is to the court or jury.**

The Plaintiff has made a demand for trial by jury. The Parties believe that the trial will take 5 days.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact

Case No. 1:25-cv-00340-RMR-TPO   Document 19   filed 07/07/25   USDC Colorado
pg 11 of 11

information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 7th day of July, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge