IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CASE NO. 1:25-cv-00340-TPO |
| Plaintiff, | : : | |
| v. | : : | |
| FLEET FINANCIAL, INC. d/b/a ILENDING | : : | |
| Defendant. | : : | |

## MOTION TO AMEND COMPLAINT

The Plaintiff Chet Michael Wilson seeks leave within the Court's deadline to amend pleadings (ECF No. 19) to add a claim for violation of the National Do Not Call Registry regulations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") A proposed First Amended Complaint is attached as Exhibit 1. The Plaintiff seeks leave to file the Amended Complaint because justice should permit the amendment in accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, and this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

This motion is made pursuant to FED. R. CIV. P. 15(a)(2) and is in the interest of judicial economy as Plaintiff is simply seeking to add a single additional claim for the same calling campaign at issue in the underlying complaint. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert a similar claim against the Defendant for their conduct in the TCPA violations alleged herein. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of

discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962). None of these factors are present here as the amendment is being sought within the time set by the Court to amend pleadings and the Tenth Circuit has emphasized that Rule 15 is intended to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Accordingly, this Court should grant leave to amend.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that he conferred with counsel for Defendant regarding the relief requested in this motion and it is unclear if the Defendant opposes the motion or not, but a copy of the proposed Amended Complaint was provided to them more than a week ago. While the parties had discussed waiting to get certain discovery prior to initiating this filing, that discovery was not produced in a manner that would allow the Plaintiff to evaluate the information and with the deadline approaching, the Plaintiff has moved forward with the filing.

        Plaintiff,
        By Counsel,

        By: */s/ Anthony I. Paronich*
        Anthony I. Paronich

3

        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (617) 485-0018
        anthony@paronichlaw.com
        *Pro Hac Vice*