IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CHET MICHAEL WILSON, individually
and on behalf of all others similarly situated,

        Plaintiff,

  v.

FLEET FINANCIAL, INC. d/b/a
iLENDING,

        Defendant.

Civil Action No.: 1:25-cv-00340

Magistrate Judge: Timothy P. O'Hara

**DEFENDANT FLEET FINANCIAL, INC D/B/A/ ILENDING'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Fleet Financial, Inc. d/b/a/ iLending ("iLending") submits the following Answer and Affirmative Defenses to Plaintiff Chet Michael Wilson's ("Plaintiff") First Amended Complaint – Class Action ("FAC", ECF 28).

1.    In response to Paragraph 1, iLending admits the FAC is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    iLending denies the allegations in Paragraph 2.

3.    iLending denies the allegations in Paragraph 3.

4.    iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 4. Further answering, iLending states that it calls individuals who consented to, invited, wanted, and/or permitted calls from iLending.

### Jurisdiction and Venue[1]

5.  In response to Paragraph 5, iLending admits this Court has subject matter jurisdiction.

6.  In response to Paragraph 6, iLending admits that venue is proper before this Court.

7.  In response to Paragraph 7, iLending admits that it directed prerecorded voice messages to Plaintiff's alleged cellular telephone number, (541) XXX-9999 ("Plaintiff's Telephone Number"), from Colorado. To the extent Paragraph 7 makes any other factual allegations, iLending denies the same.

### Parties

8.  iLending admits the allegations in Paragraph 8.

9.  iLending admits the allegations in Paragraph 9.

10. In response to Paragraph 10, iLending admits it is a corporation and that it has a principal place of business at 7257 S. Tucson Way, Englewood, CO 80112.

11. In response to Paragraph 11, iLending admits that it leaves prerecorded voice messages for certain unanswered telephone calls. iLending denies the remainder of the allegations in Paragraph 11.

### Factual Allegations

12. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 12.

---

[1] iLending uses the same headings as the FAC for the sake of clarity only. No admissions are intended or made based upon the use of the headings.

13. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 13.

14. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 14.

15. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 16.

17. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 17.

18. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 19.

20. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 20.

21. In response to Paragraph 21, iLending admits that before March 2024 it received prior express written consent to call Plaintiff's Telephone Number and then called Plaintiff's Telephone Number.

22. In response to Paragraph 22, iLending admits that it received prior express written consent to call Plaintiff's Telephone Number under names different than Plaintiff's. iLending lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 22.

23. In response to Paragraph 23, iLending admits that it received prior express written consent to call Plaintiff's Telephone Number and then called Plaintiff's Telephone Number on at least seven occasions in January 2025.

24. In response to Paragraph 24, iLending admits it used a prerecorded voice message for certain calls that went to the voicemail of Plaintiff's Telephone Number in January 2025.

25. In response to Paragraph 25, iLending admits certain of its calls to Plaintiff's Telephone Number played a prerecorded message and that the prerecorded message begins as alleged in Paragraph 16. iLending denies the remainder of the allegations in Paragraph 25.

26. In response to Paragraph 26, iLending admits that the first prerecorded message that it sent to Plaintiff's Telephone Number was on January 19, 2025.

27. In response to Paragraph 27, iLending admits that, approximately 12 days before he filed this lawsuit, Plaintiff sent a letter to iLending requesting iLending stop calling Plaintiff's Telephone Number. iLending lacks knowledge sufficient to admit or deny the remainder of the allegations in Paragraph 27.

28. In response to Paragraph 28, iLending admits it made telephone calls to Plaintiff's Telephone Number on January 20, 21, 22, 23, and 24, 2025 and left prerecorded messages for unanswered calls.

29. In response to Paragraph 29, iLending admits it used the same prerecorded voice message each time it left a prerecorded voice message on the voicemail of Plaintiff's Telephone Number. Further answering, the remainder of the allegations in Paragraph 29 are legal conclusions or arguments, for which no response is necessary.

30. In response to Paragraph 30, iLending admits it delivered a prerecorded voice message for certain messages left on the voicemail of Plaintiff's Telephone Number. Further answering, the remainder of the allegations in Paragraph 30 are legal conclusions or arguments, for which no response is necessary.

31. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 31.

32. iLending admits the allegations in Paragraph 32.

33. iLending admits the allegations in Paragraph 33.

34. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 34. Further responding, iLending states it received prior express written consent for Plaintiff's Telephone Number.

35. iLending lacks knowledge sufficient to admit or deny the allegations in Paragraph 35. Further responding, iLending states it received prior express written consent for Plaintiff's Telephone Number.

36. iLending admits the allegations in Paragraph 36.

37. iLending admits the allegations in Paragraph 37.

38. In response to Paragraph 38, iLending admits it knew it was using a prerecorded voice message for certain telephone calls that went to the voicemail of Plaintiff's Telephone Number.

39. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 39.

40. iLending denies the allegations in Paragraph 40.

41. iLending denies the allegations in Paragraph 41.

**Class Action Allegations**

42. In response to Paragraph 42, iLending admits the FAC is a putative class action complaint. iLending denies that the class definitions in Paragraph 42 are proper and denies that any class should be certified. To the extent necessary, iLending denies any implied factual assertions in Paragraph 42.

43. Paragraph 43 contains legal statements to which no response is necessary.

44. iLending denies the allegations in Paragraph 44.

45. iLending denies the allegations in Paragraph 45.

46. iLending denies the allegations in Paragraph 46.

47. iLending denies the allegations in Paragraph 47.

48. iLending denies the allegations in Paragraph 48.

49. In response to Paragraph 49, iLending admits it placed calls to Plaintiff's Telephone Number and left a prerecorded voice message for certain calls that went to voicemail. iLending denies the remainder of the allegations in Paragraph 49.

50. In response to Paragraph 50, iLending admits Plaintiff did not have an account in collections with iLending. iLending denies the remainder of the allegations in Paragraph 50.

51. iLending denies the allegations in Paragraph 51.

52. iLending denies the allegations in Paragraph 52.

53. iLending denies the allegations in Paragraph 53.

54. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 54.

55. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 55.

56. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 56.

57. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 57.

58. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 58.

59. iLending lacks sufficient knowledge to admit or deny the allegations in Paragraph 59.

60. iLending denies the allegations in Paragraph 60.

61. iLending denies the allegations in Paragraph 61 and each of its subparts.

62. iLending denies the allegations in Paragraph 62.

63. iLending denies the allegations in Paragraph 63.

64. iLending denies the allegations in Paragraph 64.

65. iLending denies the allegations in Paragraph 65.

66. iLending denies the allegations in Paragraph 66.

67. iLending denies the allegations in Paragraph 67.

68. iLending denies the allegations in Paragraph 68.

69. iLending denies the allegations in Paragraph 69.

70. iLending denies the allegations in Paragraph 70.

## Count I
### 47 U.S.C. § 227(b)(1)(A)(iii)

71. In response to Paragraph 71, iLending repeats its responses to Paragraphs 1-70.

72. iLending denies the allegations in Paragraph 72.

73. In response to Paragraph 73, iLending denies that Plaintiff or any putative class member are entitled to damages.

## Count II
### 47 U.S.C. § 227(b)(1)(A)(iii)

74. In response to Paragraph 74, iLending repeats its responses to Paragraphs 1-73.

75. Paragraph 75 contains legal statements to which no response is required. iLending denies any implied factual allegations in Paragraph 75.

76. Paragraph 76 contains legal statements to which no response is required. iLending denies any implied factual allegations in Paragraph 76.

77. Paragraph 77 contains legal statements to which no response is required. iLending denies any implied factual allegations in Paragraph 77.

78. iLending denies the allegations in Paragraph 78.

79. iLending denies the allegations in Paragraph 79.

80. iLending denies the allegations in Paragraph 80.

### Plaintiff's Prayer for Relief

81. iLending denies that Plaintiff or any putative class member is entitled to any of the relief requested in the FAC, including denying that the Court should grant any relief requested in Plaintiff's Prayer for Relief and each of its subparagraphs.

82. iLending denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff and individual putative class members cannot recover from iLending under a class action to the extent that class recovery would deprive iLending of its due process rights to assert individualized defenses to claims of each putative class member.

2. Plaintiff and individual putative class members may have agreed to arbitrate all disputes, including the alleged violations of the TCPA, by agreeing to the applicable Terms of Use when providing their telephone numbers.

3. Plaintiff and individual putative class members may have waived the right to pursue class claims, including the alleged violations of the TCPA, by agreeing to the applicable Terms of Use when providing their telephone numbers.

4. Individual putative class members claims may be barred, in whole or in part, because individual putative class members had a prior existing business relationship with iLending.

5. Plaintiff and individual putative class members claims may be barred, in whole or in part, because they consented to, invited, wanted, and/or permitted calls from iLending, did not object to such receiving such calls, and did not opt-out of receiving such calls.

6. Plaintiff and individual putative class members claims may be barred, in whole or in part, because they failed to mitigate their alleged damages.

7. The FAC fails to state a claim upon which relief can be granted.

8. Plaintiff lacks standing.

9. Plaintiff lacks injury-in-fact.

10. Plaintiff's claims are barred because he is a professional plaintiff who invited the calls and, therefore, lacks standing to assert an injury arising from them.

11. Plaintiff's claimed damages and/or those incurred by putative class members, if any, were the result of actions or inactions of third parties, including Plaintiff and the putative class members, over whom iLending had no control.

12. Plaintiff's claims and those of individual putative class members may be barred, in whole or in part, because the calls to them were not for advertising or telemarketing under the TCPA.

13. Plaintiff's claims and those of individual putative class members may be barred, in whole or in part, because of reasonable practices and procedures under 27 U.S.C. § 227(c)(5)(C) and 47 C.F.R. § 64.1200(c)(2).

14. Plaintiff's claims and those of individual putative class members may be barred, in whole or in part, because the caller possessed a good faith belief that it had consent to call the number at issue and/or any alleged TCPA violation resulted from a bona fide error.

15. Plaintiff and individual putative class members claims may be barred, in whole or in part, under the applicable statute of limitations and/or by the doctrines of estoppel, laches, waiver, or unclean hands.

16. Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Plaintiff has not sufficiently alleged, nor can he prove, that iLending willfully violated the TCPA.

17. Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they fall within the safe harbor for calls post-reassignment.

18. Plaintiff fails to allege the prerequisites for injunctive relief.

19. Plaintiff and putative class members claims for equitable relief are barred because they have an adequate remedy at law.

20. iLending reserves the right to assert additional affirmative defenses if facts are discovered to support any such additional affirmative defenses.

**WHEREFORE**, iLending respectfully requests that the Court dismiss Plaintiff's FAC with prejudice, enter judgment in its favor and against Plaintiff on Plaintiff's claims, and award iLending any other relief as the Court may deem just and proper. iLending requests a jury trial as to all claims of the FAC so triable.

Dated: August 13, 2025

Respectfully submitted,

*/s/ Douglas A. Vonderhaar*
Douglas A. Vonderhaar (OH 0087933)
dvonderhaar@bakerlaw.com
Christopher K. Riedel (OH 0101707)
criedel@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive
Suite 1200
Columbus, OH  43215-4138
Telephone:    614.228.1541
Facsimile:     614.462.2616

*Attorneys for Defendant*

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following email addresses:

    Anthony I. Paronich
    anthony@paronichlaw.com
    *Counsel for Plaintiff*

    */s/ Douglas A. Vonderhaar*
    Douglas A. Vonderhaar (OH 0087933)

- 12 -